1    IN THE UNITED STATES DISTRICT COURT

2      EASTERN DISTRICT OF TENNESSEE

3            AT CHATTANOOGA
------------------------------------------------------------
4                                  :
UNITED STATES OF AMERICA,          :
5                                  :
          Plaintiff,               :
6  -versus-                        :            CR-4:10-32
                                   :
7  JERRY WAYNE GIFFORD,            :
                                   :
8          Defendant.              :
------------------------------------------------------------
9                                      Chattanooga, Tennessee
                                       April 4, 2011
10

11        BEFORE:  THE HONORABLE HARRY S. MATTICE, JR.,
                   UNITED STATES DISTRICT JUDGE
12
APPEARANCES:
13
          FOR THE PLAINTIFF:
14
          TERRA BAY,
15        Assistant United States Attorney
          1110 Market Street, Suite 301
16        Chattanooga, Tennessee 37402

17
          FOR THE DEFENDANT:
18
          RICH HEINSMAN,
19        823 Houston Street, Suite 202
          Chattanooga, Tennessee 37403
20

21

22                    JUDGMENT PROCEEDINGS
23                  PAGES 1 THROUGH 11

24

25

UNITED STATES DISTRICT COURT

1      THE COURT:  The clerk will call the next case.

2      THE CLERK:  Criminal Action No. 4-2010-CR-32, United

3 States of America versus Jerry Wayne Gifford.

4      THE COURT:  All right.  Mr. Gifford, we're here for

5 your sentencing today.  And I see you have an attorney, Mr.

6 Heinsman, with you in court.  Does he represent you?

7      THE DEFENDANT:  Yes, sir.

8      THE COURT:  All right.  Mr. Gifford, you may recall

9 that at the time that Magistrate Judge Lee accepted your

10 guilty plea in this case that she deferred a decision about

11 whether or not to accept or reject your plea agreement with

12 the government.  Do you recall that?

13      THE DEFENDANT:  Yes, sir.

14      THE COURT:  The reason she did that was to give me

15 an opportunity to review the presentence investigation report

16 in your case.  And as I hope you know that report contains a

17 lot of information about both you and your case.  And when I

18 review it, it permits me, among other things, to make a

19 determination about whether or not that I think that your plea

20 agreement with the government is a fair one.  I've now

21 reviewed the presentence investigation report.  I've also

22 reviewed your plea agreement.  I do think it's a fair one and

23 I'm going to accept it.  All right?

24      THE DEFENDANT:  Yes, sir.

25      THE COURT:  Now, my question to you, have you

UNITED STATES DISTRICT COURT

1 reviewed the presentence investigation report and have you had

2 adequate opportunity to discuss it with Mr. Heinsman, your

3 attorney?

4        THE DEFENDANT:  Yes, sir.

5        THE COURT:  Mr. Heinsman, do you feel that you've

6 had adequate opportunity to review and discuss the presentence

7 investigation report in the case with Mr. Gifford?

8        MR. HEINSMAN:  Yes, Your Honor.

9        THE COURT:  Does Mr. Gifford have any objections to

10 the presentence investigation report?

11        MR. HEINSMAN:  No, sir.

12        THE COURT:  All right.  Who represents the

13 government?

14        MS. BAY:  Terra Bay for the United States.

15        THE COURT:  Does the government have any objections,

16 Ms. Bay?

17        MS. BAY:  We do not.  And we would note, again, this

18 reflects a third acceptance level in the PSR, and we do move

19 for that.

20        THE COURT:  And I'll grant that third level.

21        Then in the absence of objections, I'm going to

22 order that the presentence investigation report be made a part

23 of the record in Mr. Gifford's case.  I further find that the

24 presentence investigation report accurately reflects the facts

25 stated therein and correctly calculates the advisory

UNITED STATES DISTRICT COURT

guidelines applicable to Mr. Gifford's case; that reflects a total offense level of 34, criminal history category of six -- and, of course, that's to a certain extent that qualifies him for -- well, it is a career offender under the guidelines -- resulting in an advisory guideline range of from 262 to 327 months.

Do you agree with that, Mr. Heinsman?

MR. HEINSMAN: Yes, Your Honor.

THE COURT: Do you agree, Ms. Bay?

MS. BAY: I do, Your Honor.

THE COURT: All right. Counsel, I don't believe there are any outstanding motions in the case. Is that correct?

MR. HEINSMAN: Yes, sir.

THE COURT: All right. Then before I impose sentence, Mr. Gifford, I want to see if your attorney wants to say anything on your behalf, then I'm going to hear from the attorney for the government, then if you'd like to say something before I impose sentence, I'll give you an opportunity.

All right. Mr. Heinsman, is there anything you'd like to say on behalf of Mr. Gifford? Obviously, Mr. Gifford is facing under whatever I do today an extraordinarily long sentence. I guess I'm saying this for Mr. Gifford's behalf, but given his criminal history, he's earned every bit of it,

UNITED STATES DISTRICT COURT

1    it appears to me.

2            So, but what would you like to say, Mr. Heinsman?

3            MR. HEINSMAN:  Took the words out of my mouth,

4    Judge.  He's going to be in the --

5            THE COURT:  You don't need to argue for me to being

6    any tougher on him that I am, because, I mean, you know, tell

7    you the truth, this is one we're getting close to throwing

8    away the key on, you know.

9            MR. HEINSMAN:  Yes, sir.  Really, my point -- I have

10   several points, some that are introduced by the PSR, but I

11   think that he's 39 years old, regardless of where we are in

12   the guidelines, this with his health condition, he has

13   Hepatitis C, as the report states and is undergoing treatment

14   for that.  Actually, they're not treating him right now at

15   Bradley, but he was being treated.  He may not see the end of

16   this regardless.  Nevertheless --

17           THE COURT:  I am going to recommend that he

18   participate in the 500 hour substance abuse treatment program,

19   I mean, you know, it's almost sort of closing the door, the

20   barn door after the horse has left, but I'm going to recommend

21   that anyway.

22           MR. HEINSMAN:  Yes, Your Honor.  And I appreciate

23   that.  And he has tried to cooperate.  He has -- I'm going to

24   quote from an e-mail from the U.S. Attorney, not Ms. Bay, but

25   the information was good, he expects that people will be

UNITED STATES DISTRICT COURT

```
 1   indicted based upon the information, so he has some --
 2             THE COURT:  Have you explained how Rule 35 works?
 3             MR. HEINSMAN:  I have.  I have.  And, Judge, you
 4   know, in reading through his PSR and his history and he is
 5   someone that was introduced to alcohol at eight years old, has
 6   been in treatment since he was a teenager.
 7             THE COURT:  Yeah.
 8             MR. HEINSMAN:  Again, the --
 9             THE COURT:  I think his criminal history goes back
10   to age 15 if I recall correctly.  Yeah.
11             MR. HEINSMAN:  Yes, sir.  Under those circumstances,
12   it's a difficult thing for him to accept responsibility just
13   because where he falls in the guidelines.  And, you know, with
14   his health in mind, with his attempts to cooperate in mind,
15   and with the, again, with the difficulty of doing anything by
16   agreement in that area of the chart, I would ask the Court to
17   sentence him to the minimum.
18             THE COURT:  All right.  Ms. Bay, what would you like
19   to say?
20             MS. BAY:  Your Honor, the Court is well aware of the
21   defendant's criminal history.  And, you know, I've been
22   looking through it again myself this morning, and I see nine
23   prior drug offenses, convictions, nine prior drug convictions
24   before this one.  And 20 years of -- I mean, he's a fairly
25   young man, but he's spent half of his life in and out of --
```

UNITED STATES DISTRICT COURT

1          THE COURT:  Yeah.

2          MS. BAY:  -- of jail and probation.  And I think

3    that a sentence slightly more than the minimum would be

4    appropriate, maybe, maybe 280 months, something along those

5    lines.

6          THE COURT:  All right.  Mr. Gifford, it's your turn.

7    Anything -- it's hard to know what to say, isn't it?

8          THE DEFENDANT:  Yeah, it is, man.  And I'm sorry for

9    being here taking you all's time up.  And I'm really sorry for

10   out there playing games with my addiction.  I knew I had one.

11   I knew I couldn't beat it.  And, basically, that's it, you

12   know.  I've been locked up all of my life and I just, I

13   couldn't handle it, I guess.  I don't know.

14         THE COURT:  All right.  Mr. Gifford, I appreciate

15   what you have to say.  I'm going to impose a sentence in about

16   the mid range of your guideline range.  You know, I think

17   that's probably the appropriate thing to do in this case.

18            All right.  Ready for me to impose sentence?

19         THE DEFENDANT:  Yes, sir.

20         THE COURT:  All right.  The Court has considered the

21   nature and circumstances of the offense, the history and

22   characteristics of the defendant, and the advisory guideline

23   range, as well as the other factors listed in Title 18, United

24   States Code, Section 3553(a).

25            Pursuant to the Sentencing Reform Act of 1984, it's

UNITED STATES DISTRICT COURT

1　the judgment of the Court on Count 1 that the defendant, Jerry

2　Wayne Gifford, is hereby committed to the custody of the

3　Bureau of Prisons to be imprisoned for a term of 294 months.

4　　　　　The Court will recommend that the defendant receive

5　500 hours of substance abuse treatment from the Bureau of

6　Prisons' Institution Residential Drug Abuse Treatment Program.

7　　　　　Upon release from imprisonment, the defendant shall

8　be placed on supervised release for a term of eight years.

9　Within 72 hours of release from the custody of the Bureau of

10　Prisons, the defendant shall report in person to the probation

11　office in the district to which the defendant is released.

12　　　　　While on supervised release, the defendant shall not

13　commit another federal, state, or local crime, shall comply

14　with the standard conditions that have been adopted by this

15　Court in Local Rule 83.10, and shall not illegally possess a

16　controlled substance.

17　　　　　The defendant shall not possess a firearm,

18　destructive device, or any other dangerous weapon.

19　　　　　The defendant shall cooperate in the collection of

20　DNA, as directed by the probation officer.

21　　　　　In addition, the defendant shall comply with the

22　following special conditions:

23　　　　　Number one, the defendant shall participate in a

24　program of testing and/or treatment for drug and/or alcohol

25　abuse, as directed by the probation officer until such time as

UNITED STATES DISTRICT COURT

1    the defendant is released from the program by the probation

2    officer.

3         Number two, the defendant shall participate in a

4    program of mental health treatment, as directed by the

5    probation officer, until such time as the defendant is

6    released from the program by the probation officer.

7         The defendant shall waive all rights to

8    confidentiality regarding mental health treatment in order to

9    allow release of information to the supervising United States

10   Probation Officer and to authorize open communication between

11   the probation officer and the mental health treatment

12   provider.

13        It's further ordered that the defendant shall pay to

14   the United States a special assessment of $100, pursuant to

15   Title 18, United States Code, Section 3013, which shall be due

16   immediately.

17        The Court finds that the defendant does not have the

18   ability to pay a fine, and the Court will waive the fine in

19   this case.

20        Does either party have any objections to the

21   sentence just pronounced that have not previously been raised.

22        Mr. Heinsman?

23        MR. HEINSMAN:  No, sir.

24        THE COURT:  Ms. Bay?

25        MS. BAY:  We have no objection, Your Honor.  And we

UNITED STATES DISTRICT COURT

1  would point out that the defendant did have an 851

2  enhancement.

3      THE COURT:  Yeah.  Let me ask him about that.

4  Mr. Gifford, I should have asked you about this before.  As

5  you, I hope has been explained to you, I mean, part of the

6  reason your sentence is so high is because the government

7  filed a motion to enhance your sentence based upon a prior

8  conviction that you received.  The one that they're relying on

9  and there are probably others they could have relied on, I

10  would imagine, but, I mean, the one that's in the notice that

11  I've got is from April 29th, 2003.  It's Case No. 15297 from

12  the Criminal Court in Franklin County, Tennessee, for the

13  manufacture of Schedule II controlled substance.  You were

14  sentenced to three years on November the 3rd, 2003.  Let's

15  see.

16      MS. BAY:  It's Paragraph 65, Your Honor.

17      THE COURT:  Yeah.  It's reflected in Paragraph 65 of

18  your presentence investigation report.  My question to you is

19  do you affirm or deny you received that conviction?

20      THE DEFENDANT:  Yes, sir.

21      THE COURT:  You affirm it.  All right.  Are there

22  any counts to be dismissed, Ms. Bay?

23      MS. BAY:  There are, Your Honor.  We would move to

24  dismiss at this time against the defendant, Counts 2, 3, 4, 6

25  and 7.

1          THE COURT:  All right.  Did Mr. Gifford waive most

2   of his appeal rights as part of his plea agreement with the

3   government, Mr. Heinsman?

4          MR. HEINSMAN:  Yes, Your Honor.

5          THE COURT:  All right.  Then he does have some

6   residual rights.  Will you explain those to him?

7          MR. HEINSMAN:  Yes, Your Honor.  I've explained them

8   and I usually send a closing letter to clients explaining them

9   again.

10          THE COURT:  Okay.  Is there anything else on behalf

11   of Mr. Gifford at this point, Mr. Heinsman?

12          MR. HEINSMAN:  No, sir.

13          THE COURT:  Anything else from the government,

14   Ms. Bay?

15          MS. BAY:  No, Your Honor.

16          THE COURT:  Good luck to you, Mr. Gifford.

17          THE DEFENDANT:  Yes, sir.

18                    END OF JUDGMENT PROCEEDINGS

19          I, Shannan Andrews, do hereby certify that I
    reported in machine shorthand the proceedings in the
20   above-styled cause held April 4, 2011, and that this
    transcript is an accurate record of said proceedings.

21

22                              s/Shannan Andrews
                              Shannan Andrews
23                          Official Court Reporter

24

25

UNITED STATES DISTRICT COURT